UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-22003-CIV-WILLIAMS/TORRES

HECTOR G. SAADE,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**CLASS ACTION**

INSEL AIR INTERNATIONAL B.V., a
limited liability company registered in
Curacao, & INSELAIR ARUBA N.V., a
corporation registered in Aruba,

    Defendants.

_____/

## MOTION TO DECERTIFY CONDITIONAL CLASS AND FOR ENTRY OF DEFAULT FINAL JUDGMENT

Plaintiff, Hector Saade ("Saade"), moves for **(1)** entry of an order decertifying the class that was certified after the clerk entered a default against Defendants, INSELAIR ARUBA N.V. ("INSELAIR") (DE #44) and INSEL AIR INTERNATIONAL B.V. ("INSEL INTL") (DE #70); and **(2)** entry of a default final judgment against each of the Defendants in favor of Plaintiff, individually.

## SUMMARY OF FACTS

On July 16, 2019, this Court entered an order certifying a class of passengers that were compelled to pay an Exit Fee in violation of their air transport contract with Defendants, INSELAIR and INSEL INTL at the time of their flight and allowing Plaintiff to obtain discovery in order to identify the potential class members (DE #66). Since the Court's order, Plaintiff has attempted to obtain discovery, both formally and informally, however, no information concerning the passengers and payment of the Exit Fee was provided by nor readily available from the agents for the Defendants.

However, in a further attempt to discover the evidence and information needed to define the class members, Plaintiff sent a non-party subpoena to the US Customs and Border Protection Agency, for passenger records and evidence of fees paid; however, no information has been provided to date.

Moreover, due to the Defendants' bankruptcy, the possibility of a recovery by the class is highly doubtful, such that decertification is also warranted on that basis.

Due to Plaintiff's inability to obtain information that identifies the members of the class, as well as the Defendants' bankruptcy, it is appropriate for the Court to decertify the previously certified class and proceed to enter a default final judgment for the damages ($80) individually sustained by Saade on account of Defendant's unlawful actions.

## STANDARD FOR DECERTIFICATION

"Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982); see also Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Ezell v. Mobile Housing Bd.*, 709 F.2d 1376, 1379 (11th Cir. 1983) ("it is irrelevant that the district court initially certified a class"); *Bowe v. Public Storage*, 106 F. Supp. 3d 1252, 1266 (S.D. Fla. 2015) (decertifying class where "Plaintiffs can no longer satisfy the predominance inquiry under Rule 23(b)(3) for their national RICO claim because they cannot establish class-wide proof of a RICO injury")). Also, "[d]ecertification of a class was appropriate in an action brought under the Fair Debt Collection Practices Act, when any hope of recovery by the class was speculative due to defendant's limited insurance coverage and its bleak financial condition which led to its filing for bankruptcy." *Barnett v. Experian Information Solutions, Inc.*, D.C.Tex.2006, 236 F.R.D. 307.

## ARGUMENT

*The Previously Certified Class Should be Decertified*
*Because they do not Meet the Requirements of Rule 23*

**1. The Disclosed Class is Insufficiently Numerous.**

The present must be decertified because evidence and information are not reasonably available that would allow Plaintiff to prove that there exist sufficiently numerous passengers to meet the requirements of Rule 23. See, e.g., *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors'") (citing *3B Moore's Fed. Prac.* ¶ 23.05[1] at n.7 (1978)).

"While the party seeking certification need not identify the exact number of members in the proposed class, she cannot rest on 'mere allegations of numerosity.' *Evans v. U.S. Pipe & Foundry Co*., 696 F.2d 925, 930 (11th Cir. 1983). Rather, the movant must provide the court with sufficient proof to support a reasoned finding that the certified class would meet the numerosity requirement." *Hummel v. Tamko Bldg. Products, Inc*., 303 F. Supp. 3d 1288, 1295 (M.D. Fla. 2017). Here, Plaintiff was unable to identify the other members of the Class upon making reasonable efforts and so there are insufficient members to establish the Class under Rule 23.

**2. Plaintiff's Claims Cannot Be Determined by Allegations Alone.**

Plaintiff's motion for class certification was premised on his assertions that the evidence sourced through discovery would prove that hundreds of passengers were obligated to pay the same Exit Fee and would not otherwise be disqualified as members of the putative class. However, The Defendant airlines have gone out of business and there appears no reasonable manner in which to collect the information necessary and prosecute this case.

### 3. The Class Has No Reasonable Expectation of Recovery.

The Defendants having been declared bankrupt by their governing jurisdictions and their also appearing to have numerous and substantial claims with little or no assets owned, there is no reasonable expectation that a recovery will be had, and that is the purpose of the class claims presented here – to attempt to make whole the putative class members.

WHEREFORE, Plaintiff requests this Court enter an order decertifying the Class and enter a final judgment upon default against INSELAIR and INSEL INTL in the amount of $80.00, plus interest and court costs.

Dated: April 30, 2020

Respectfully submitted,
/s/ *Milton Fuentes*

John G. Crabtree, Fla. Bar. #886270
Charles M Auslander, Fla. Bar # 349747
Brian C. Tackenberg, Fla. Bar #107224
**CRABTREE & AUSLANDER**
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Tel: (305) 361-3770
Fax: (305) 437-8118
jcrabtree@crabtreelaw.com
gbaise@crabtreelaw.com
btackenberg@crabtreelaw.com
floridaservice@crabtreelaw.com

Jose L. Baloyra, Fla. Bar #84603
**BALOYRA LAW**
201 Alhambra Cir., Suite 501
Coral Gables, FL 33134
Tel: (305) 442-4142
Fax: (305) 442-4377
jbaloyra@baloyralaw.com
rcruz@baloyralaw.com

Milton Fuentes, Fla. Bar #123420
**M. FUENTES & CO.**
201 Alhambra Circle, Suite 501
Coral Gables, FL 33134
Tel: (305) 447-1960
Fax: (786) 288-3808
mf@mfuenteslaw.com
sc@mfuenteslaw.com

Brian M. Torres, Fla. Bar #36498
Nicolas M. Jimenez, Fla. Bar #0123575
**BRIAN M. TORRES, P.A.**
One S.E. Third Ave., Ste. 3000
Miami, FL 33131
Tel: 305-901-5858 ext. 101
Fax: 305-901-5874
btorres@briantorres.legal
njimenez@briantorres.legal
e-service@briantorres.legal

John Cody German, Fla. Bar #58654
**COLE, SCOTT & KISSANE, P.A.**
Cole, Scott, & Kissane Building
9150 S. Dadeland Boulevard, Ste. 1400
Miami, Florida 33156
Telephone: (786) 268-6415
Facsimile: (305) 373-2294
cody.german@csklegal.com
yvonne.orosa@csklegal.com

*Counsels for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April 2020, I served the foregoing document on all counsel of record identified above or on the following Service List.

/s/ *Milton Fuentes*

## SERVICE LIST

Jean Maurice de Cuba, Esq.
De Cuba Wever
Laya Ernesto Petronia 62
Oranjestas – Aruba
Tel: 297-583-8144
Fax: 297-583-8145
Email.  jeannot@decubawever.com
*Bankruptcy Trustee for Inselair Aruba N.V.*

Rogier van den Heuvel, Esq.
VanEps Kunneman VanDoorne
Julianaplein 22
P.O. Box 504
Willemstad, Curaçao
Tel. +5999 461 3400 ext. 156
Fax. +5999 461 2023
Email. heuvel@ekvandoorne.com
*Bankruptcy Receiver for Insel Air International B.V.*