## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22003-Civ-WILLIAMS/TORRES

HECTOR G. SAADE,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

INSEL AIR f/k/a INSEL AIR
INTERNATIONAL B.V., a Netherlands
Antilles limited liability company, & INSEL
AIR ARUBA N.V., an Aruban company,

        Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION TO DECERTIFY CLASS
## AND FOR ENTRY OF FINAL DEFAULT JUDGMENT

This matter is before the Court on Hector G. Saade's ("Plaintiff") motion for class decertification and final default judgment against Insel Air Aruba N.V. ("Insel Aruba") and Insel Air International B.V. ("Insel Air") (collectively, "Defendants"). [D.E. 72]. Defendants did not respond to Plaintiff's motion and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, relevant authority, and for the reasons discussed below, Plaintiff's motion should be **GRANTED**.[1]

---

[1]     On May 1, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 74].

## I.    ANALYSIS

Plaintiff filed this action on May 30, 2017 for breach of contract, alleging that Defendants are a foreign air carrier that provides international travel services to consumers flying between the United States and the Bolivarian Republic of Venezuela.  Plaintiff's breach of contract claim is based on allegations that, when passengers book a flight, the consumer enters into a contract as to the amount owed for that flight.  Plaintiff alleges that Defendants violated that contract when they charged Plaintiff an additional $80 fee – that was never previously disclosed – before Plaintiff could board a flight from Miami, Florida to Venezuela.  Plaintiff served Defendants with a copy of his complaint on May 22, 2018.

On July 6, 2018, Plaintiff requested that the clerk enter default against Insel Aruba because the latter failed to appear or otherwise defend this action.  [D.E. 43]. After the clerk's entry of default, Plaintiff filed a motion to certify a class on October 3, 2018 and the Court granted that motion on July 15, 2019.  [D.E. 66].  Then, on March 24, 2020, Plaintiff filed a separate motion for the clerk to enter default against Insel Air because, after its counsel withdrew from this case, Insel Air failed to obtain new counsel prior to the Court's deadline.  [D.E. 69].  Because both Defendants have now failed to defend this action, Plaintiff seeks final default judgment and a decertification of the proposed class.

Plaintiff argues that, since the date the Court granted his motion for class certification, he has attempted to obtain discovery on the passengers that the Defendants wrongfully overcharged.  But, Plaintiff states that Defendants have

failed to provide any information and that – despite his efforts to serve a non-party subpoena to the United States Customs and Border Protection Agency – he is in no possession of any passenger records or other evidence of payments that might define the proposed class.   Plaintiff also contends that Defendants have filed for bankruptcy proceedings and that any potential class wide recovery is highly unlikely.  Therefore, due to Defendants' bankruptcy and an inability to obtain any information that identifies the members of the proposed class, Plaintiff requests that the proposed class be decertified and that final default judgment be entered in the amount of $80 for Defendants' breach of contract.

### A.   *Whether the Class Should be Decertified*

The first issue is whether the class should be decertified.   A court's order certifying a class action may be altered or amended before final judgment.   *See* Fed. R. Civ. P. 23(c)(1)(C).  "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  The ability to reconsider initial class rulings is an important tool for the court's use in managing class actions.  *See* 3 Alba Conte & Herbert Newberg, Newberg on Class Actions § 7:47(4th ed. 2002).  A court may revisit its earlier class rulings when faced with a change in circumstances or new information to ensure that the class decision comports with Rule 23.  *Id.*  It is, however, inappropriate for a party to simply reargue the same issues over and over under the guise of a motion (or motions) to reconsider a class ruling.  *Id.*

3

Here, Plaintiff's argument is well taken because Plaintiff does not possess any evidence or information that would allow him to meet the requirements of Rule 23. Plaintiff cannot, for example, prove that the class is sufficiently numerous. *See* Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'") (citing 3B Moore's Federal Practice ¶ 23.05[1] at n.7 (1978)). Although the party seeking certification need not identify with precision the exact number of members in a proposed class, the movant cannot rest on "mere allegations of numerosity." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983). Instead, the movant must provide the court with sufficient proof to support a reasoned finding that the certified class meets the numerosity requirement. *See Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Because Plaintiff cannot identify the other members of the proposed class, there is insufficient evidence to establish numerosity to sustain a class under Rule 23.

The proposed class also cannot stand because Plaintiff's motion for class certification was based on assertions that evidence could be obtained through discovery that could prove that hundreds of passengers were obligated to pay the same fee that Plaintiff paid. But, since Defendants have now filed for bankruptcy, there is no reasonable way for Plaintiff to collect the necessary information to satisfy Rule 23 and prosecute this case. And making matters worse, there is no reasonable expectation for any recovery. Therefore, given that the proposed class

can no longer meet the requirements of Rule 23 and there is no reasonable expectation of recovery, Plaintiff's motion for class decertification should be **GRANTED**.

### B. *Whether Final Default Judgment Should be Entered*

The second issue is whether final default judgment should be entered. Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

Plaintiff requests that final judgment be entered against Defendants in the amount of $80 for a breach of contract. "To state a valid cause of action for breach of contract, a plaintiff must establish three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Collins v. Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0723AI00342A10*, 2012 WL 13014690, at *2 (S.D. Fla. Apr. 24, 2012) (internal quotation omitted). "A 'material breach' of a contract is a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract.'" *Oriole Gardens Condos., III v. Indep. Cas.*

& *Sur. Co.*, 2012 WL 718803, at *11 (S.D. Fla. Mar. 6, 2012) (quoting *Covelli Family, LP v. ABG5, LLC*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008); *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)).  An injured party in a breach of contract is entitled to recover those damages that "naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered." *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Plaintiff has met each element of his breach of contract claim because he alleges that parties entered into a contract when passengers booked a flight with Defendants' airline.  Plaintiff also claims that Defendants breached that contract when it required ticket holders to pay monies not provided for under the terms of the contract.  Plaintiff further alleges that he suffered damages in the amount of $80 because that is the additional cost that Plaintiff had to pay to board Defendants' aircraft.  Because Plaintiff has alleged each element of a breach of contract claim and the complaint includes well-pleaded factual allegations, Plaintiff's motion for final default judgment should be **GRANTED** in the amount of $80.  *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (finding that default judgment is appropriate if the uncontested complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citations omitted).

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for class decertification and final default judgment should be **GRANTED**.  [D.E. 72].  A final judgment of $80 should be entered against Defendants.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 15th day of May, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge